UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                            )
**UNITED STATES OF AMERICA,**   )
                            )
          v.                )   **Criminal Action No. 03-311-5 (RWR)**
                            )
**CARL WATSON,**                )
                            )
          **Defendant.**        )
_____)

                          MEMORANDUM ORDER

     Defendant Carl Watson pled guilty under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 841(b)(1)(B)(i).  In the plea agreement, the parties agreed to a sentence of 120 months.  I accepted and imposed the agreed-upon sentence.  Watson now moves under 18 U.S.C. § 3582(c)(2) for sentence reduction, citing amendments to the United States Sentencing Guidelines that lowered the base offense levels for offenses involving crack cocaine.  See U.S. Sentencing Guidelines Manual supp. app. C, amend. 706 (2010) (effective Nov. 1, 2007); id. § 1B1.10 (listing 706 among those amendments with retroactive effect).  The government opposes on the grounds that the offenses to which Watson pled guilty subjected him to a 10-year mandatory minimum sentence, which he received, and that because he pled guilty under a plea agreement,

-2-

subsequent guidelines amendments do not enable him to seek a reduction.[1]

A defendant is eligible for a sentence reduction where his term of imprisonment is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the case of a defendant sentenced under a Rule 11(c)(1)(C) plea agreement, the agreed-upon sentence is "based on" a subsequently lowered range where the plea agreement indicates the parties' intent that the sentence be determined in accordance with that particular guidelines range. Freeman v. United States, 131 S. Ct. 2685, 2698-99 & n.5 (2011) (Sotomayor, J., concurring).[2] In addition, "any sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Berry, 618 F.3d 13, 17 (D.C. Cir. 2010) (quoting 18 U.S.C. § 3582(c)(2)). A policy

---

[1] Briefing was previously ordered on what, if any, effect the safety valve provision, 18 U.S.C. § 3553(f), has on the defendant's motion to reduce. Because the D.C. Circuit's subsequent decision in United States v. Berry, 618 F.3d 13 (D.C. Cir. 2010), and the Supreme Court's subsequent decision in Freeman v. United States, 131 S. Ct. 2685 (2011), control the resolution of Watson's motion, additional arguments regarding the safety valve provision need not be addressed.

[2] Justice Kennedy's opinion announcing the judgment of the Court in Freeman did not command a majority. Because Justice Sotomayor's opinion concurs in the result on grounds narrower than that of the plurality, her opinion is controlling. See United States v. Turner, Criminal No. 07-263 (RCL), 2011 WL 5865490, at *5 (D.D.C. Nov. 21, 2011); United States v. Walker, Criminal Action No. 06-78 (RWR), 2011 WL 4888772, at 1-2 (D.D.C. Oct. 14, 2011).

-3-

statement in the Sentencing Guidelines prohibits sentence modifications under § 3582(c)(2) if a retroactive Guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range" because, for example, of "the operation of . . . a statutory mandatory minimum term of imprisonment." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) & cmt. n.1 (2011).

Here, Watson's plea agreement did not reflect the parties' intent to base the agreed-upon sentence on a range determined by the guidelines. The agreement states only that the parties "agree that a sentence of 120 months' incarceration is the appropriate sentence for the offense." (Plea agreement ¶ 3.) Moreover, Watson was and remains subject to a statutory mandatory minimum sentence of 10 years, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), the term that he received under the plea agreement.[3] For these reasons, Watson is ineligible for a sentence reduction. Accordingly, it is hereby

---

[3] Amendments to the statutory mandatory minimum provisions after Watson's sentencing increased the quantity of cocaine base necessary to trigger the 10-year mandatory minimum from 50 grams to 280 grams. See Fair Sentencing Act of 2010, Pub. L. 111-220, § 2(a)(1), 124 Stat. 2372, 2372 (2010). The Act, however, does not affect the outcome here since it does not include an express statement of retroactivity, and since Watson agreed in the plea agreement that he was "accountable for at least 1.5 kilograms of cocaine base." (Plea agreement ¶ 2.) In addition, Watson pled guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, which itself triggers the 10-year mandatory minimum. 21 U.S.C. § 841(b)(1)(A)(ii).

-4-

ORDERED that Watson's motion [449] to reduce be, and hereby is, DENIED.

SIGNED this 26th day of January, 2012.

```
                              /s/
                    RICHARD W. ROBERTS
                    United States District Judge
```